**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WINSTON WEAVER | : | |
| 1026 Penn St | : | |
| Reading, PA 19602 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: |
| | : | |
| AMAZON.COM SERVICES, LLC | : | |
| d/b/a AMAZON | : | |
| 202 Westlake Ave North | : | |
| Seattle, WA 98109 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      This action has been initiated by Winston Weaver (hereinafter "Plaintiff") against Amazon.com Services, LLC, d/b/a Amazon ("Defendant"). Plaintiff asserts violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 et seq.), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff contends he was subject to discriminatory and retaliatory mistreatment while employed with Defendant (as explained *infra*) and that he was unlawfully terminated from his employment.

---

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the PHRA once properly administratively exhausted.  Plaintiff was however required to initiate this lawsuit pursuant to a right-to-sue letter prior to such PHRA exhaustion. Plaintiff's PHRA claims will mirror identically his ADA and ADEA claims, and they are analyzed identically in the Third Circuit as well.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. Plaintiff's future state claims are proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because actions underlying this case occurred in this District, and Defendant is deemed to reside where it is subject to personal jurisdiction (rendering venue appropriate for multiple reasons).

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult male residing at the above-captioned address.

7.      Defendant is a multinational online market and technology company based in Seattle, WA that has multiple warehouse locations across the United States, including the location at which Plaintiff worked in Hamburg, PA.

8.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff is a 63-year-old Black (African American) male.

11.     Plaintiff was employed by Defendant for approximately 3 years and 6 months (commencing on November 20, 2021) until being terminated on or about May 4, 2025.

12.     Plaintiff physically worked for Defendant at its 3563 Mountain Rd., Hamburg, PA 19526 location.

13.     Plaintiff held the position of Warehouse Picker throughout his employment with the Defendant.

14.     Plaintiff's duties as a Warehouse Picker included picking out ordered items from inventory, packaging them for delivery, and operating machinery.

15.     Plaintiff's supervisor changed several times over the course of his employment, but at the time of his termination, his supervisor was Carrie Ann Shepherd ("Shepherd").

### Disability Discrimination and Retaliation

16.     While employed with Defendant, Plaintiff was diagnosed with prostate cancer.

17.     Despite his diagnosis, Plaintiff was still capable of performing his job duties and performed them well; however, because Plaintiff's disability affects his daily activities, particularly by causing irregular gastrointestinal function, frequent urination, and abnormal cell growth, Plaintiff requested reasonable accommodations.

3

18. For example, to treat his prostate cancer, Plaintiff required pelvic radiation therapy.

19. As a result, Plaintiff requested a medical leave of absence under the FMLA from April 24, 2023 to June 19, 2023 for the purpose of obtaining radiation treatment for his prostate cancer.

20. Following his aforesaid pelvic radiation therapy, Plaintiff required more frequent trips to the restroom than normal.

21. In fact, Plaintiff's physician estimated that Plaintiff would likely require more frequent trips to the restroom for at least 18 months to two years following his radiation therapy.

22. In or about June of 2023, after undergoing pelvic radiation therapy, Plaintiff (through his doctor) requested the ability to take more frequent bathroom breaks (as a result of the gastrointestinal issues and frequent need to urinate caused by his disability and/or the aforesaid pelvic radiation therapy).

23. While Defendant agreed to give Plaintiff breaks to use the restroom because of his disability, it required Plaintiff to clock out every time he used the restroom.

24. The requirement of having to walk to the punch clock each and every time he needed to use the restroom caused Plaintiff to spend more time away from work than he would have otherwise been required to miss.

25. Sometimes, because of the layout of Plaintiff's worksite, it would take him about 3 or 4 minutes just to walk to the nearest bathroom.

26. On other occasions, if the closest bathroom had one single stall and was occupied, Plaintiff would have to search for a bathroom elsewhere, which took him significantly more time to walk to.

4

27.    All bathrooms were located on the first floor, so that, regardless of whether Plaintiff was working on the fourth, third, or second floor, Plaintiff had to walk to the first floor for every bathroom break, which could take a significant amount of time to walk to.

28.    Defendant required Plaintiff to clock himself out for bathroom breaks, but they did not permit him to clock himself back in, requiring that he do so with the assistance of an HR person.

29.    HR was frequently unavailable or absent, making it impossible for Plaintiff to clock himself back in until an HR person returned, causing him to miss more time than necessary, which negatively impacted his picking quota.

30.    As a result of the foregoing hurdles that Defendant required Plaintiff to go through just to use the restroom as a reasonable accommodation, Plaintiff was issued several write ups throughout the remainder of his employment with Defendant for failing to meet his picking quota.

31.    In or about October of 2024, Plaintiff requested another leave of absence related to his medical conditions.

32.    While on medical leave, Plaintiff requested further accommodations, including additional breaks and FMLA-qualifying intermittent time off for his disability.

33.    Plaintiff returned from his aforesaid second medical leave on or about October 25, 2025

34.    During the last approximate 5-6 months of his employment with Defendant, Plaintiff's radiation therapy-induced incontinence worsened.

35.    Nevertheless, due to the pressure of Defendant's unreasonable expectations and disregard for his medical accommodation, Plaintiff attempted to meet Defendant's expectations by using the bathroom less often than medically necessary.

36.     Plaintiff's aforesaid attempt to meet Defendant's expectations resulted in two separate distressing and embarrassing incidents where Plaintiff accidentally soiled himself and had to go home.

37.     As a result, Plaintiff requested additional accommodations in or about March of 2025.

38.     Specifically, Plaintiff submitted a medical note to Defendant indicating that he was receiving treatment for prostate cancer and required eight (8) intermittent absences per month (ADA and FMLA-qualifying leave). Plaintiff also requested to only work 30 hours per week.

39.     Approximately one month following his new accommodation request, Defendant issued Plaintiff two more pretextual disciplinary actions, and then terminated his employment on or about May 4, 2025 for alleged performance issues.

## Age Discrimination

40.     Upon information and belief, Plaintiff was one of the oldest workers among the Warehouse Picker team at his worksite.

41.     Upon further information and belief, Plaintiff was the only one of his age among the Warehouse Picker team.

42.     At the time of his separation, and throughout the majority of his employment with Defendant, most of Plaintiff's coworkers ranged from age 21 to their 40s.

43.     Plaintiff's other younger coworkers who had requested accommodations for reasons not related to a disability (for example, pregnancy) were not written up or terminated for using their approved accommodations.

44. Upon information and belief, Plaintiff's younger female coworkers who had requested accommodations due to pregnancy and/or other reasons were assigned to areas nearby a bathroom.

45. The same younger coworkers (discussed in paragraph 43) were also allowed to remain sitting and not performing work for extended periods of time during work hours.

46. Defendant did not accommodate Plaintiff equally despite Defendant's awareness of his urgent need for more frequent bathroom breaks.

47. Plaintiff was terminated for alleged performance reasons; however, there were other employees that were much younger than Plaintiff who performed the same and/or worse than Plaintiff and/or who had committed egregious terminable offenses; however, they were not terminated like Plaintiff.

48. By way of example:

i. Younger employees (20s) would stand or sit in place for up to 30 minutes, socializing and not working;

ii. Younger employees (20s) would spend time during either their breaks or work hours getting high on marijuana;

iii. Younger employees (20s) would sit in the aisle watching TV shows on their phones during work hours; and

iv. Younger employees (20s) would routinely remain at the lunch table for several minutes beyond their designated lunch time.

49. Upon information and belief, these employees are still employed at Defendant.

50. Plaintiff believes and therefore avers that he was terminated because of his advanced age.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Hostile Work Environment; [3] Retaliation; and [4] Failure to Accommodate )**

51.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.     Defendant subjected Plaintiff to a hostile work environment based on his disability and/or requests for reasonable accommodation through discriminatory harassment, failing to accommodate his disability, and pretextual discipline.

53.     Plaintiff thus believes and avers that his actual, perceived and/or record of disabilities were a motivating and/or determinative factor in Defendant's decisions to issue write-ups[2] and terminate his employment.

54.     Plaintiff thus also believes and therefore avers that Defendant issued disciplinary write-ups against him and terminated his employment in retaliation for engaging in protected activity under the ADA.

55.     Lastly, Plaintiff believes and avers that Defendant failed to accommodate him and counted ADA-qualifying breaks against him in making the decision to 1) issue write-ups; and 2) terminate his employment.

56.     These aforesaid actions constitute violations of the ADA.

---

[2] Plaintiff only pursues a private cause of action for disciplinary actions under the ADA that fall within the applicable statute of limitations.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

57.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

59.    Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

60.    Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

61.    Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

62.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

63.    Plaintiff suffered from serious health conditions within the meaning of the FMLA.

64.    Plaintiff exercised his rights under the FMLA by requesting and/or utilizing medical leave for his serious health conditions.

65.    Defendant committed interference and retaliation violations of the FMLA by *inter alia*: [1] terminating his employment for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; [2] terminating his employment to prevent him from continuing

to utilize FMLA leave; [3] taking actions against him which would deter a reasonable person from exercising his rights under the FMLA.

66.    Defendant's actions as aforesaid constitute violations of the FMLA.

## COUNT III
## Violations of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination)

67.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

68.    Plaintiff therefore believes and avers that he was written up[3] and terminated because of his advanced age.

69.    These actions as aforesaid constitute unlawful discrimination under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.    Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

---

[3] Plaintiff only pursues a private cause of action for disciplinary actions under the ADEA that fall within the applicable statute of limitations.

10

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: May 28, 2026

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Winston Weaver | : | CIVIL ACTION |
| v. | : | |
| Amazon.com Services, LLC d/b/a Amazon | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

| 5/28/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?          Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** ***Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases: *(Please specify)*_____
    _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WEAVER, WINSTON

### DEFENDANTS

AMAZON.COM SERVICES, LLC D/B/A AMAZON

**(b)** County of Residence of First Listed Plaintiff    Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    King
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ☐ 368 Asbestos Personal    ☐ 340 Marine    Injury Product    ☐ 345 Marine Product    Liability | | ☐ 835 Patent – Abbreviated New Drug Application    ☐ 840 Trademark | ☐ 460 Deportation    ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability    **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending    Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff)    ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage    ☐ 362 Personal Injury -    Product Liability    Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g))    ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**          **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence    Accommodations    ☐ 530 General | | | Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | mployment    **Other:**    ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other    Other    ☐ 550 Civil Rights    ☐ 448 Education    ☐ 555 Prison Condition    ☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**    ☐ 462 Naturalization Application    ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, FMLA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    5/28/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE